```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**RONALD L. HALSTEAD,**

       Petitioner,

v.                               **Civil Action No. 1:08cv135**
                                    **Criminal Action No. 1:01cr45-4**
                                      **(Judge Keeley)**

**UNITED STATES OF AMERICA**

       Respondent.

### ORDER DENYING AMENDED 28 U.S.C. § 2255 PETITION

**I. Procedural History**

On July 3, 2008, <u>pro se</u> petitioner Ronald L. Halstead ("Halstead"), filed a "Petition for Relief from Sentence and Conviction" pursuant to 28 U.S.C. § 2255. In his petition, Halstead sought to have his conviction and sentence for conspiracy to commit money laundering vacated based on the holding in <u>Santos v. United States</u>, ___ U.S. ___, 128 S. Ct. 2020 (2008). On July 18, 2008, through appointed counsel, Halstead filed an "Amended Petition for Relief from Sentence and Conviction." Halstead's amended petition sought the same relief, on the same grounds, as his original petition.

On July 22, 2008, United States Magistrate Judge John S. Kaull, pursuant to LR PL P 83.15, undertook a preliminary review of the petition and found that summary dismissal was not warranted. Pursuant to LR PL P 83.16, he ordered the government to respond to

**HALSTEAD V. UNITED STATES**                                            **1:08CV135**

**ORDER DENYING AMENDED 28 U.S.C. § 2255 PETITION**

Halstead's petition. The government responded on August 21, 2008 and the petitioner replied on August 26, 2008.

On August 28, 2008, this Court ordered further briefing on the issue of whether the <u>Santos</u> decision should apply retroactively to a § 2255 habeas corpus petition. The government submitted its supplemental brief on the retroactivity issue on Sept. 30, 2008, and the petitioner filed his response on Oct. 2, 2008.

**II. Issues**

Halstead asserts that, in <u>Santos</u>, the Supreme Court made a substantive change in the law which should be retroactively applied to his case. Halstead further asserts that the Supreme Court determined that, for purposes of all money laundering cases, the term "proceeds" means profits and not gross receipts. Therefore, Halstead argues his conviction for conspiracy to commit money laundering should be vacated because, in his case, 1) the government presented no evidence or arguments to establish that the proceeds he used were profits rather than gross receipts, 2) the jury was not instructed to consider only profits when determining if there were proceeds from the conspiracy to commit money laundering, and 3) the court used gross receipts, not profits, to calculate the money laundering loss number at his sentencing.

**HALSTEAD V. UNITED STATES** 1:08CV135

**ORDER DENYING AMENDED 28 U.S.C. § 2255 PETITION**

The government asserts that the holding in Santos is not retroactive or, in the alternative, if Santos does apply retroactively, that it is applicable only to money laundering cases where the underlying offense is illegal gambling.

In Santos, the United States Supreme Court interpreted the definition of "proceeds" as used in 18 U.S.C. § 1956(a)(1). Justice Scalia, joined by Justices Souter, Thomas, and Ginsburg, found that the term "proceeds" in § 1956(a)(1) was ambiguous because (1) the statute does not define "proceeds," (2) "proceeds" can mean either "receipts" or "profits" in both ordinary usage and in the Federal Criminal Code, and (3) the statutory context of the word "proceeds" in § 1956(a)(1) does not favor either interpretation. Santos, 128 S.Ct. 2024-2025. Justice Scalia concluded that "the 'profits' definition of 'proceeds' is always more defendant-friendly than the 'receipts' definition," used the rule of lenity to "break the tie" between the competing interpretations, and advocated that the "profits" definition be used for all cases arising under the money-laundering statute. Id. at 2025.

As the fifth vote, Justice Stevens' narrower concurring opinion limited the Court's holding. Santos, 128 S.Ct. at 2031; see also Marks v. U.S., 430 U.S. 188, 193 (1977). Justice Stevens noted the lack of legislative history in regard to the "proceeds" of an

**HALSTEAD V. UNITED STATES**                                        **1:08CV135**

**ORDER DENYING AMENDED 28 U.S.C. § 2255 PETITION**

illegal gambling business, and argued that the application of the "receipts" definition to this particular predicate offense would lead to a "perverse result." Id. at 2033. Justice Stevens agreed with the plurality's holding in the narrowest sense, that "proceeds" means "profits" in the context of an illegal gambling business. Id. at 2034. Stevens also argued that the term "proceeds" could have different definitions, either profits or gross receipts, when applied to each of the varied predicate offenses for money laundering. Id. at 2034 n. 7.

**III. Analysis**

    **Retroactivity**

The Supreme Court has not declared Santos retroactive to cases on collateral review. Moreover, district courts in the Fourth and Sixth Circuits have held that Santos cannot be applied retroactively. Vaughn v. U.S., 2008 WL 2945449 (W.D.N.C. July 25, 2008), appeal dismissed, 307 Fed. Appx. 752 (4th Cir. 2009); Haukedahl v. U.S., 2009 WL 961157 (N.D. Ohio April 7, 2009). These courts, however, did not fully analyze the general retroactive applicability of substantive rules under the first exception of Teague v. Lane, 489 U.S. 288 (1989). See also Shiro v. Summerlin, 542 U.S. 348, 351-352 (2004) (new substantive rules generally will apply retroactively). Rather, in both cases, the courts simply

**HALSTEAD V. UNITED STATES**                                                          **1:08CV135**

**ORDER DENYING AMENDED 28 U.S.C. § 2255 PETITION**

stated the Teague exceptions and then claimed, that because the Supreme Court's interpretation of "proceeds" is not a "watershed rule of criminal procedure," Santos does not apply retroactively. Vaughn at *3; Haukedahl at *2. For this reason, the holdings in Vaughn and Haukedahl have been called into question by other district courts. See Kenemore v. U.S., 2008 WL 4965948 *4 (E.D. Tex. Nov. 17, 2008). For purposes of analysis then, this Court will assume, without deciding, that Santos applies retroactively to cases on collateral review.

**Applicability of Santos to Halstead**

As the Western District of Louisiana recognized in Stewart v. Keffer, 2009 WL 1076762, *3 (W.D. La. April 21, 2009), "[c]ourts applying Santos have varied in their interpretations of the Santos holding." Specifically, the court noted that district courts in Tennessee, California, and Michigan have held that Santos should apply to all money laundering cases. Id. at *3, n.2. Nevertheless, district courts in Texas and Louisiana have held that Santos is not applicable in cases where the underlying offense to a money laundering charge is something other than illegal gambling. See e.g., Stewart v. Keffer, 2009 WL 1076762 at *4 (holding that, because Petitioner was not charged with illegal gambling, Santos did not apply to the case), U.S. v. Sims, 2009 WL 1158847, *3 (S.D.

5

**HALSTEAD V. UNITED STATES**  1:08CV135

**ORDER DENYING AMENDED 28 U.S.C. § 2255 PETITION**

Tex. April 29, 2009) ("the limited holding in Santos does not apply in a case such as this, which is predicated in mail and wire fraud").

The Fourth Circuit's interpretation of Santos is clear. In United States v. Howard, our circuit court noted that "because Santos was a plurality opinion, the holding of the Court for precedential purposes is the narrowest holding that garnered five votes." 309 Fed. Appx. 760, 771 (4th Cir. 2009) (unpublished). Determining that Justice Stevens's concurrence provided the narrowest holding in Santos, and interpreting the concurrence as "carv[ing] out an exception for gambling operations in which 'proceeds' means 'profits,' although the general rule is 'proceeds' means 'receipts,'" id., the Fourth Circuit held that, in money laundering cases where the underlying offense is not illegal gambling, it is still bound by its precedent that 'proceeds' means 'receipts.'" Id.

Although, as an unpublished opinion, Howard is not binding precedent, this Court believes the Fourth Circuit's reasoning for adopting the narrowest holding from Santos is persuasive. Therefore, this Court adopts the same interpretation, that is, "Santos does not establish a binding precedent that the term 'proceeds' means 'profits,' except regarding an illegal gambling

6

**HALSTEAD V. UNITED STATES** 1:08CV135

**ORDER DENYING AMENDED 28 U.S.C. § 2255 PETITION**

charge." Id. Furthermore, as noted in Howard, this Court remains bound by Fourth Circuit precedent establishing the general rule that "proceeds" means "receipts" in cases where the underlying offense is not illegal gambling. Id.

**IV. Conclusion**

For the reasons stated, this Court concludes that, because the underlying offense in the present case is not illegal gambling, but rather health fraud and mail fraud, the exception carved out in Santos does not apply. Instead, the general rule that "proceeds" means "receipts" applies in Halstead's case. Therefore, the government did not have to show any evidence establishing that the proceeds used were profits, the Court did not need to instruct the jury to consider only profits rather than gross receipts in determining proceeds, and the Court did not err by using gross receipts to calculate the money laundering loss number at sentencing.

For the foregoing reasons, the Court **DENIES** Halstead's amended § 2255 petition (dckt. 4/514) and **DISMISSES** this case **WITH PREJUDICE** from the Court's active docket.

It is so **ORDERED**.

**HALSTEAD V. UNITED STATES**                                          **1:08CV135**

**ORDER DENYING AMENDED 28 U.S.C. § 2255 PETITION**

    Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this Order to counsel of record.

DATED: July 16, 2009

                                              /s/ Irene M. Keeley
                                              IRENE M. KEELEY
                                              UNITED STATES DISTRICT JUDGE